1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ANASTACIO AVILA, | ) | Case No.: 10-CV-05485-LHK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER GRANTING MOTION TO |
| COUNTRYWIDE HOME LOANS, INC. and | ) | DISMISS |
| BAC HOME LOANS SERVICING, LP, | ) | |
| Defendants. | ) | |

 Defendants Countrywide Home Loans, Inc. (Countrywide) and BAC Home Loans

Servicing, LP (BAC) (together, Defendants)[1] move to dismiss the complaint in this action for

failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  *See*

Motion to Dismiss (MTD) (Dkt. No. 9).  Plaintiff, proceeding pro se, submitted no opposition to

this Motion.  The Court finds that this matter is suitable for decision without oral argument.  Civil

Local Rule 7-1(b).  Accordingly, the hearing on this Motion and the Case Management

Conference, set for March 31, 2011, are hereby VACATED.  For the reasons set forth below, the

complaint is DISMISSED in part with prejudice and in part with leave to amend.

I. BACKGROUND

 Plaintiff, proceeding pro se, filed a complaint and submitted an *ex parte* motion for a

Temporary Restraining Order (TRO) on December 3, 2010, seeking to enjoin a non-judicial

---

[1] Plaintiff sued Countrywide Home Loans "ndba BAC Home Loan Servicing, LP."  The Complaint
appears to treat the two as one entity.  *See* Compl. ¶ 1.  In their Opposition, Countrywide and BAC
indicate that the two are separate entities.

1

1   foreclosure sale of his primary residence. *See* Compl. (Dkt. No. 1), TRO Mot. (Dkt. No. 3). Based

2   on the documents submitted by the Plaintiff, the Court denied Plaintiff's request for a TRO, finding

3   that Plaintiff had a low likelihood of success on the merits of all his asserted claims. *See* Order

4   Denying Request for TRO (Dkt. No. 8). Defendants now move to dismiss the complaint for failure

5   to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See* MTD

6   (Dkt. No. 9).

7        In the sparse facts alleged in the complaint, the Plaintiff states that he "entered into an

8   express contract with Defendants . . . consisting of a promissory note . . . and a lien document."

9   Although the complaint states that these documents are attached as exhibits A and B, only the note

10  appears to be attached to the complaint. *See* Compl. Ex. A-B ("Note"). The Note is dated August

11  27, 2007, and lists 2789 Illinois Street, East Palo Alto, California, 94303 as the property address

12  ("Property"). *Id.* The Note states that the borrower will pay $365,000 in exchange for the loan he

13  has received from Lender Countrywide Bank. The Note also references a Security Instrument or

14  Deed of Trust, dated the same day as the Note, but it appears this is not attached to the complaint.

15  *Id.* The Note is unsigned, although there is a signature line marked "Borrower" with "Anastacio P.

16  Avila" typed below it. In the TRO Motion, the Plaintiff refers to the Note as a refinance

17  transaction. TRO Mot. at ¶ 3. Other documents attached to the complaint are a Final Truth In

18  Lending Disclosure Statement, dated August 27, 2007; a notice titled "Interest-Only Feature

19  Disclosure," dated August 27, 2007; a Final Settlement Statement listing a settlement date of

20  August 31, 2007; and a Notice of Trustee's Sale, undated, setting a non-judicial foreclosure sale for

21  December 17, 2010 ("Notice of Sale").

22  II.   LEGAL STANDARD

23       Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

24  it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the

25  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

26  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the

27  plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

28  unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In deciding whether the plaintiff has

2

Case No.: 10-CV-05485-LHK
ORDER GRANTING MOTION TO DISMISS

1    stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable

2    inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

3    However, the court is not required to accept as true "allegations that are merely conclusory,

4    unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536

5    F.3d 1049, 1055 (9th Cir. 2008).  Leave to amend must be granted unless it is clear that the

6    complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't. of Corrections*, 66 F.3d

7    245, 248 (9th Cir. 1995).

8         "[A] district court should grant leave to amend even if no request to amend the pleading

9    was made, unless it determines that the pleading could not possibly be cured by the allegation of

10   other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58

11   F.3d 494, 497 (9th Cir. 1995)).  In addition, the "rule favoring liberality in amendments to

12   pleadings is particularly important for the pro se litigant.  Presumably unskilled in the law, the pro

13   se litigant is far more prone to making errors in pleading than the person who benefits from the

14   representation of counsel."  *Id.*, 203 F.3d at 1131.

15   III.    ANALYSIS

16        Plaintiff is proceeding *pro se*.  Therefore, the Court has construed the allegations in his

17   complaint liberally, in order to determine what claims are asserted.  *See Hebbe v. Pliler*, No. 07-

18   17265, 2010 U.S. App. LEXIS 24019 at *10 (9th Cir. Nov. 19, 2010).  Plaintiff references eight

19   different categories of claims in his complaint.  These include 1) violations of the Truth in Lending

20   Act (TILA), 15 U.S.C. § 1601 *et seq.* (separately codified as Regulation Z, 12 C.F.R. § 226.1 *et

21   seq.*; 2) violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 *et

22   seq.*; 3) fraud by misstatements and by concealment, including fraud against U.S. taxpayers and

23   backers of mortgage-backed derivative securities; 4) breach of the covenant of good faith and fair

24   dealing; 5) breach of fiduciary duty; 6) negligence; 7) violations of California's Unfair

25   Competition law, California Business and Professions Code § 17200 *et seq.*, based on unspecified

26   violations of other laws; and 8) intentional infliction of emotional distress.  The Court will address

27   these claims in turn.

28

Case No.: 10-CV-05485-LHK
ORDER GRANTING MOTION TO DISMISS

a.      TILA Claims

Plaintiff has alleged or attempted to allege numerous violations of TILA and Regulation Z, including failure to make timely disclosures three days before closing per 12 C.F.R. § 226.31(c)(1); changing the terms of the loan without sufficient notice, in violation of 12 C.F.R. § 226.32(i); failure to identify estimated costs in violation of 12 C.F.R. § 226.31(d)(2); failure to properly compute the per-diem interest per 12 C.F.R. § 226.31(d)(3); and failure to provide, or provision of an inaccurate, Notice of Right to Rescind in violation of 12 C.F.R. § 226.23.  In the complaint, Plaintiff provides little more than conclusory statements that these sections were violated.  These conclusory allegations are not enough to support Plaintiff's TILA claims.

Moreover, Plaintiff claims that he is entitled to both rescission of the loan as well as damages based on these TILA violations.  However, claims for rescission under TILA expire "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."  15 U.S.C. § 1635(f).  The three-year period is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.")

Because the loan documents indicate that the loan was signed at the end of August, 2007, and Plaintiff did not file this case until December, 2010, over three years later, it appears that Plaintiff's claims for rescission under TILA are time-barred.

Damages claims under TILA have a one-year statute of limitations that runs from the date the loan documents are signed.  15 U.S.C. § 1640(e).  Therefore, absent tolling, Plaintiff's TILA damages claims expired in August, 2008.  Equitable tolling of TILA damages claims can extend the one-year limitations period, but such tolling is only available if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  Plaintiff has alleged that the statute of limitations should be tolled because he "had no notice of wrong doing until the improprieties of the real estate market were finally made public in the popular media."  Compl. ¶ 48.  Plaintiff has not alleged facts sufficient to establish that he acted with diligence to discover the basis of his TILA claims, most of which should have been apparent at the time the loan documents were signed.

4

Case No.: 10-CV-05485-LHK
ORDER GRANTING MOTION TO DISMISS

1   Accordingly, the Court finds that Plaintiff has not alleged facts sufficient to support TILA damages

2   claims.

3       Therefore, the Court concludes that Plaintiff has failed to state any TILA claim upon which

4   relief can be granted.

5       b.      RESPA Claims

6       Without citing any specific statutory provision, Plaintiff presents a laundry-list of claims

7   termed "RESPA Penalties."  The list begins "From a cursory examination of the records, with the

8   few available, the apparent RESPA violations are as follows: a) Good Faith Estimate not within

9   limits b) No HUD-1 Booklet . . . i) Financial Privacy Act Disclosure j) Equal Credit Reporting Act

10  Disclosure . . . ."  Compl. ¶ 45.  The Plaintiff provides no other detail regarding what provisions of

11  RESPA were violated or what act by the Defendant violated RESPA.  Plaintiff provided no

12  additional information regarding these claims in the TRO Motion.  Given the scant information

13  provided, Plaintiff has failed to adequately allege RESPA claims.

14      In addition, all private causes of action under RESPA are limited by a one or three year

15  statute of limitations, pursuant to 12 U.S.C. § 2614.  As with his TILA claims, Plaintiff does not

16  allege any diligence on his own part that might potentially extend the statute of limitations through

17  equitable tolling.  *See*, *e.g.*, *Sakugawa v. IndyMac Bank, F.S.B.*, No. 10-00504 JMS/LEK, 2010

18  U.S. Dist. LEXIS 125096 at *11-12 (D. Haw. Nov. 24, 2010) (dismissing RESPA claims as time-

19  barred for failure to allege diligence in pursuing them).

20      c.      Fraud-Based Claims

21      Plaintiff brings a number of claims sounding in fraud.  These include "common-law fraud;"

22  "fraud by concealment;" "fraud against US taxpayers" by setting up a loan that was sure to fail so

23  that it could claim the loss for tax purposes; and "fraud against derivative backers" by "betting on

24  the failure of the promissory note the lender designed to default."  In order to allege fraud in a

25  federal pleading, a plaintiff must meet the requirements of Federal Rule of Civil Procedure 9(b).

26  This requires that the party alleging fraud must state "with particularity the circumstances

27  constituting fraud or mistake, including the who, what, when, where, and how of the misconduct

28  charged.  In addition, the plaintiff must set forth what is false or misleading about a statement, and

Case No.: 10-CV-05485-LHK
ORDER GRANTING MOTION TO DISMISS

1   why it is false."   *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal citations and

2   quotations omitted).

3            In the complaint, the Plaintiff alleges very generally that Defendants, and other parties not

4   named as Defendants, misrepresented the true value of the property and the volatile nature of the

5   real estate market in order to induce him to agree to the loan, failed to tell him that he qualified for

6   a "less expensive loan," and failed to explain that all closing fees and costs were legal.  These

7   allegations are simply insufficient to state a claim for fraud under the Federal Rules standard.

8   Plaintiff does not identify what *specific* false or misleading statements were made to him, who

9   made them, when or how they were made, and he does not explain why any such statement should

10  be considered false or misleading.

11           The Court finds that Plaintiff has not met the pleading standard to allege fraud.

12           d.       Breach of the Covenant of Good Faith and Fair Dealing

13           In the complaint, Plaintiff alleges that Defendants and other parties violated the Covenant

14  of Good Faith and Fair Dealing.  In support of this claim, Plaintiff states that Defendants "(1)

15  Failed to provide all of the proper disclosures; (2) Failed to provide accurate Right to cancel

16  Notices; (3) Placed Plaintiff into the current loan product without regard for other more affordable

17  products; (4) Placed Plaintiff into a loan without following proper underwriting standards; (5)

18  Failed to disclose to Plaintiff that she [sic] was going to default because of the loan being

19  unaffordable (6) Failed to perform valid and / or properly documented substitutions and

20  assignments so that Plaintiff could ascertain her [sic] rights and duties; and (7) Failed to respond in

21  good faith to Plaintiff's request for documentation of the servicing of her [sic] loan and the

22  existence and content of relevant documents."  The Court finds that these factual allegations are too

23  vague to support Plaintiff's claim for Breach of the Covenant of Good Faith and Fair Dealing.

24           Under California law, a claim for breach of the covenant of good faith and fair dealing

25  requires that a contract exists between the parties, that the plaintiff performed his contractual duties

26  or was excused from nonperformance, that the defendant deprived the plaintiff of a benefit

27  conferred by the contract in violation of the parties' expectations at the time of contracting, and

28  that the plaintiff's damages resulted from the defendant's actions.  *Boland, Inc. v. Rolf C. Hagen*

6

Case No.: 10-CV-05485-LHK
ORDER GRANTING MOTION TO DISMISS

1   (USA) Corp., 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010) (citing *Reichert v. General Ins. Co.*, 68

2   Cal. 2d 822, 830 (1968); *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745, (2001);

3   *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372-73, (1992). "[T]he

4   implied covenant of good faith is read into contracts in order to protect the express covenants or

5   promises of the contract, not to protect some general public policy interest not directly tied to the

6   contract's purpose. *Carma Developers*, 2 Cal. 4th at 373.

7       Plaintiff has failed to support his claim and only vaguely alleges that acts by Defendants

8   deprived him of a benefit actually conferred or contemplated by the contract, in violation of any

9   reasonable expectation.  For example, Plaintiff alleges in conclusory fashion that Defendant

10  breached the covenant by "plac[ing] plaintiff into the loan without regard for more affordable

11  products."  But Plaintiff's allegations do not create a reasonable inference that the expectation that

12  he would be offered the most affordable loan product was reasonable, or a benefit contemplated by

13  his contract with Defendants.  Generally, "a loan transaction is at arm's length and there is no

14  fiduciary relationship between the borrower and lender," and therefore no duty to provide the most

15  affordable possible loan.  *Oaks Mgmt. Corp. v. Sup. Ct.*, 145 Cal. App. 4th 453, 466 (2006); *see*

16  *also Rivera v. BAC Home Loans Servicing, L.P.*, No. C 10-02439 RS, 2010 U.S. Dist. LEXIS

17  80294 at *16-17 (N.D. Cal. July 9, 2010) (denying request for preliminary injunction based on

18  similar claim).  Even construed liberally, Plaintiff's bare and boilerplate allegations, made without

19  any factual support, do meet the required pleading standard.

20       e.       Breach of Fiduciary Duty and Negligence

21       Plaintiff alleges that Defendants acted as both lender and broker, and attempts to state

22  claims for breach of fiduciary duty and negligence against Defendants in each capacity.   Plaintiff

23  alleges that Defendants "owed a duty of care under TILA, HOEPA, RESPA and the Regulations X

24  and Z promulgated there under to . . . provide proper disclosures concerning the terms and

25  conditions of the loans they marketed, to refrain from marketing loans they knew or should have

26  known that borrowers could not afford or maintain, and to avoid paying undue compensation such

27  as 'yield spread premiums' to mortgage Agents and loan officers."  Compl. ¶ 81.  However, as

28  referenced in the preceding section, lenders do not owe any fiduciary duty to borrowers.  "The

Case No.: 10-CV-05485-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

relationship between a lending institution and its borrower-client is not fiduciary in nature."

*Nymark v. Heart Fed. Sav. and Loan Ass'n.*, 231 Cal. App. 3d 1089, 1093 n.1 (1991).  In addition, as discussed above, Plaintiff has failed to allege sufficient facts to demonstrate that he is likely to succeed on his underlying TILA and RESPA claims, which form the basis of his claim for breach of the duty of due care.  Thus, Plaintiff's breach of fiduciary duty and negligence claims are also insufficiently plead.

Real estate agents do owe a fiduciary duty to "disclose all material facts which might affect [a buyer's] decision with regard to [a] transaction."  *Pepitone v. Russo*, 64 Cal. App. 3d 685, 688 (1976).  Accepting Plaintiff's allegation that Defendants served together as broker as well as lender in the transaction leading to execution of the Note, Plaintiff's claims for breach of fiduciary duty are too vague to demonstrate a likelihood of success on this claim.  Plaintiff claims that he "engaged Defendant as their [sic] agent for obtaining a loan to purchase their [sic] home."  However, Plaintiff provides no supporting detail or allegation indicating that he actually entered a contract for brokerage services with Defendants.

Furthermore, as with Plaintiff's other claims, his allegations simply list a number of possible fiduciary breaches without explaining how any of these breaches actually came about.  Plaintiff states that as broker, Defendants "a. Obtained mortgage loans with unfavorable terms; b. Misrepresenting the terms of the loan and the ability to refinance the loan at a later date to gain a profit from the sale of the loan in question; c. By accepting funds from Lender in the form of kickbacks in return for referring Plaintiff to the other Lender; d. By arranging loans at excessive interest rates and onerous terms as applied to the ability of this Plaintiffs [sic] to afford."  Compl. ¶ 63.  Some of these claims contradict other facts alleged.  For example, it is not clear how Defendants, acting together as both broker and lender, could accept kickbacks from themselves.  As with Plaintiff's other allegations, the factual detail alleged is insufficient to support Plaintiff's breach of fiduciary duty claims.

f.      California's Unfair Competition Law

California's Unfair Competition Law prohibits business practices that are "unfair, unlawful or fraudulent." Cal. Bus. & Prof. Code. § 17200 (UCL).  Plaintiff alleges that he has "sufficiently

8

United States District Court
For the Northern District of California

1   plead numerous violations of various consumer protection laws to establish a claim under

2   California Business and Professions code 17200." Compl. ¶ 106. Presumably, Plaintiff intends to

3   state a claim under the "unlawful" prong of the UCL based on the alleged TILA and RESPA

4   violations. Plaintiff cannot state a claim for a UCL violation based on violations of TILA and

5   RESPA for the same reasons that Plaintiff's underlying TILA and RESPA claims are denied.

6   Plaintiff has not provided sufficient factual allegations to support his RESPA or TILA claims, and

7   it appears that these claims are time-barred. *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001,

8   1007 n.3 (9th Cir. 2008) (holding that plaintiffs may not extend the TILA statute of limitations by

9   pleading a UCL claim based on a time-barred TILA claim). Therefore, the Court finds Plaintiff has

10  not pled his UCL claim adequately.

11          g.      Intentional Infliction of Emotional Distress

12          The elements of the tort of intentional infliction of emotional distress are: "(1) outrageous

13  conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the

14  probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional

15  distress; and (4) actual and proximate causation of the emotional distress by the defendant's

16  outrageous conduct." *Odinma v. Aurora Loan Servs.*, No. C-09-4674 EDL, 2010 U.S. Dist. LEXIS

17  28347 at * (N.D. Cal. Mar. 23, 2010) (citing *Trerice v. Blue Cross of Cal.*, 209 Cal.App.3d 878,

18  883, (1989); *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). Outrageous conduct

19  must "be so extreme as to exceed all bounds of that usually tolerated in a civilized community."

20  *Id.* None of Defendant's acts, as alleged by Plaintiff, qualify as outrageous. *See Sierra-Bay Fed.*

21  *Land Bank Ass'n v. Sup. Ct.*, 227 Cal. App. 3d 318, 334 (1991) ("It is simply not tortious for a

22  commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not

23  paid."). Accordingly, the Court finds that Plaintiff has not alleged facts sufficient to support this

24  claim.

25          h.      Quiet Title

26          Finally, the Plaintiff claims he is entitled to "quiet title" to the Property. However, under

27  California law, a borrower may not assert quiet title against a mortgagee without first paying the

28  outstanding debt on the property. *See Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a

9

1    mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee")

2    (citation omitted).  Plaintiff has not alleged that he has paid the outstanding debt on the Property, or

3    can do so.  Therefore, the Court finds this claim is alleged insufficiently.

4            i.      Lack of Standing to Conduct Foreclosure Sale

5            Although not listed as a separate cause of action, Plaintiff alleged in his TRO Motion that

6    the foreclosure sale should be enjoined because "the alleged real party in interest is unable to prove

7    standing to foreclose against and sell the property."  TRO Mot. ¶ 12.  In the complaint, the Plaintiff

8    alleges that "the note was . . . sold repeatedly to other parties who failed to properly register said

9    sales with the court recorder's office in the county in which the property lies, thereby, obscuring

10   the true holder of the note."  Compl. ¶ 21.  From this statement and allegations in the complaint,

11   the Court gathers that Plaintiff challenges the foreclosure sale because the trustee noticing the sale

12   does not have possession of the Note.  However, under California law, there is no requirement that

13   the trustee have possession of the physical note before initiating foreclosure proceedings. *See, e.g.,*

14   *Yazdanpanah v. Sacramento Valley Mortg. Group*, No. C 09-02024 SBA, 2009 U.S. Dist. LEXIS

15   111557, at * 23-*25 (N.D. Cal. Nov. 30, 2009) (citing cases); *Wurtzberger v. Resmae Mortg.*

16   *Corp.*, No. 2:09-cv-01718-GEB-DAD, 2010 U.S. Dist. LEXIS 51751, at *9-*11 (E.D. Cal. Apr.

17   29, 2010); *Benham v. Aurora Loan Servs.*, No. 09-2059 SC, 2010 U.S. Dist. LEXIS 11189, 2010

18   WL 532685 at *2-*3 (N.D. Cal., Feb. 9, 2010).  Accordingly, to the extent Plaintiff intends to

19   challenge the foreclosure sale based on the trustee's failure to produce the Note, this claim is does

20   not state a cause of action upon which relief can be granted.

21           j.      Leave to Amend the Complaint

22           Plaintiff has failed to state a claim upon which relief can be granted.  Therefore,

23   Defendant's Motion to Dismiss is GRANTED.   Regarding Plaintiff's claim for TILA rescission,

24   the claim is time-barred and the statute cannot be tolled; therefore, amendment as to that claim

25   would be futile, and the claim is dismissed with prejudice.  Regarding Plaintiff's other claims, the

26   Court grants Plaintiff leave to amend.  However, the Court notes that Plaintiff failed to file an

27   Opposition to Defendant's MTD and did not request an extension from the Court.  Plaintiff appears

28   to have abandoned this case.  If Plaintiff wishes to amend his complaint, he must do so by **April**

10

Case No.: 10-CV-05485-LHK
ORDER GRANTING MOTION TO DISMISS

**19, 2011**.  No new parties or causes or actions may be added without leave of the Court or party stipulation pursuant to Federal Rule of Civil Procedure 15.  If Plaintiff files an amended complaint and fails to oppose a motion to dismiss it, the Court will issue an Order to Show Cause why the action should not be dismissed for failure to prosecute.

IV.    CONCLUSION

The Motion to Dismiss is GRANTED, and Plaintiff's complaint is dismissed.  Any amended complaint must be filed by **April 19, 2011**.  Failure to oppose a motion to dismiss any amended complaint will result in an Order to Show Cause why the action should not be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: March 29, 2011

_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-05485-LHK
ORDER GRANTING MOTION TO DISMISS